

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

GARY DION ALLEN EL-BEY, §
 §
          Petitioner, §
 §
v. § No. 4:18-CV-704-A
 §
LORIE DAVIS, Director, §
Texas Department of Criminal §
Justice, Correctional §
Institutions Division, §
 §
          Respondent. §

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Gary Dion Allen El-Bey, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Lorie Davis, director of TDCJ, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

**I. FACTUAL AND PROCEDURAL HISTORY**

A jury in Tarrant County, Texas, Case Nos. 1451483D and 1451837D, found petitioner guilty of one count of possession of a controlled substance, cocaine, of less than one gram and possession of a controlled substance, heroin, of one gram or more but less than four grams and assessed his punishment at 2 years' and 25 years' imprisonment, respectively. (01Clerk's R. 76;

02Clerk's R. 76.[1]) Petitioner's convictions were affirmed on appeal and the Texas Court of Criminal Appeals refused his petition for discretionary review. (Docket Sheet.) Petitioner did not seek writ of certiorari or state postconviction habeas relief. (Pet. 2-3; Resp't's Answer Ex. A.)

## II. ISSUES

Petitioner raises two grounds for relief:

(1) "the State of Texas lacks lawful jurisdiction to administrate its law on the land known as Fort Worth Tarrant County Texas"; and

(2) "the State of Texas lacks lawful jurisdiction over [his] person being born on land in possession of the Washita/Witchita people, and being officially recognized by the court as a Native-American from the Washitaw Nation."

(Pet. at 4-5.)

## III. Rule 5 Statement

Respondent urges that, although petitioner's claims raised for the first time in this federal petition are unexhausted, the petition should be denied on the merits. (Resp't's Answer 5-9.)

## IV. DISCUSSION

Petitioner's first claim is premised upon the 1843 Treaty of Bird's Fort, also known as Bird's Fort Treaty, which was a peace treaty signed by Sam Houston on behalf of the Republic of Texas

---

[1] "01Clerk's R." refers to the clerk's record in Case No. 1451483D; "02Clerk's R." refers to the clerk's record in Case No. 1451837D.

2

before Texas was admitted into the Union as a state.² The parties to the treaty were the Republic of Texas and the "Indigenous Nations of the Delaware, Chickasaw, Waco, Tawakani, Keechi, Caddo, Anadahkah, Ionie, Biloxi and Cherokee" Indian tribes. *Id.* Nowhere in that treaty are the Washita people or Wichitaw Nation mentioned by name or referenced in any other way. Nevertheless, the Treaty is no longer in effect. Petitioner's first claim is frivolous.

Petitioner's second claim is equally frivolous. He asserts that he has written documents renouncing his United States citizenship and that, based on his ancestry as a sovereign Native American, the State of Texas lacked jurisdiction to prosecute and imprison him for committing criminal offenses. (Pet. 5-7.) Petitioner was prosecuted for criminal offenses while in Tarrant County, Texas. The laws of the individual states apply to all persons within a state's borders. *See United States v. James,* 328 F.3d 953, 954 (7th Cir. 2003). Therefore, petitioner's non-citizenship did not deprive the State of Texas of jurisdiction over him. Petitioner's alleged sovereign-citizen status does not enable him to violate state laws without consequence. *See, e.g., United States v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011), *cert. denied,* 565 U.S. 1226 (2012) (providing "[r]egardless of an

---

²This description is taken from an entry on Wikipedia, at hhtp://en.wikipedia.org/wiki/Treaty_of_Bird. The entry was selected not for its authoritativeness, but for its content.

3

individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts"); *United States v. White,* 480 Fed. App'x 193, 194 (4th Cir. 2012) (providing "[n]either the citizenship nor the heritage of a defendant constitutes a key ingredient to a ... court's jurisdiction in criminal prosecutions....").

For the reasons discussed herein,

The Court ORDERS that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied. The Court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has failed to make a substantial showing of the denial of a constitutional right. All pending motions not previously ruled upon, including petitioner's motion for summary judgment (doc. 25), be, and are hereby, denied.

SIGNED July 3, 2019.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE